# United States Court of Appeals for the Federal Circuit

04-7155

EDWARD R. ANDREWS, JR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

John H. Williamson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Robert E. Kirschman, Jr., Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

04-7155

EDWARD R. ANDREWS, JR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary
of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: August 17, 2005

_____

Before RADER, GAJARSA, and DYK, <u>Circuit Judges</u>.

DYK, <u>Circuit Judge</u>.

Edward R. Andrews Jr. ("Andrews") appeals from the decision of the Court of Appeals for Veterans Claims ("Veterans Court"), affirming the decision of the Board of Veterans' Appeals ("Board"). The Board denied Andrews' claims of clear and unmistakable error ("CUE") in earlier decisions of the Department of Veterans Affairs ("VA"). We affirm.

## BACKGROUND

Andrews served in active duty in the United States Army from 1966 to 1969. In 1981 he filed a pro se claim for disability benefits, claiming that he suffered from, <u>inter alia</u>, chronic anxiety, prolonged depression, and inability to hold a job. Because Andrews failed to report to a scheduled examination, the regional office ("RO") denied the 1981 claim.

In 1983 Andrews, again acting pro se, sought to reopen his 1981 claim for disability benefits. Additional medical evidence was submitted to the RO, including a report diagnosing Andrews with chronic post-traumatic stress syndrome ("PTSD"), and noting that Andrews was "unemployed if not unemployable." J.A. at 82. The RO granted the disability claim and assigned a 10% disability rating for PTSD. The RO did not treat Andrews as raising a claim for total disability based on individual unemployability ("TDIU"),[1] and did not discuss the evidence of unemployability.

In 1984 Andrews submitted a pro se claim for an increased rating. The examiner noted that Andrews had held 30-40 jobs since returning from Vietnam, had not worked at all in the four years prior to the examination, and could not get along with people. The examiner diagnosed Andrews with severe and chronic PTSD. In light of the examination report, the RO increased Andrews' disability rating to 30% in January 1985. The RO again did not treat Andrews as raising a TDIU claim.

In 1995, this time through counsel, Andrews filed a claim with the VA for revision of the 1983 and 1985 RO decisions based on clear and unmistakable error. Before the Board on the CUE motion, Andrews argued exclusively that the 10% and 30% ratings were incorrect because the RO had misapplied the disability schedule at 38 C.F.R. § 4.132 (1985). He urged that it was "not possible to assign a 10% rating when the medical evidence describes such chronic symptoms," and it was also "not possible to assign a moderate [30%] rating when the diagnosis of the service-connected condition is described as severe and chronic." J.A. at 74-75. At no time did Andrews argue that

---

[1]     Under the TDIU regulations, a veteran suffering from a service-connected disability can receive a 100% rating under certain circumstances if he can establish unemployability. See 38 C.F.R. § 4.16 (2004).

the RO in 1983 or 1985 had erred in failing to consider Andrews as having raised a TDIU claim. The Board denied the CUE claim, finding that the RO had made no legal error, and that Andrews' arguments were no more than an assertion that the RO should have weighed the evidence differently. J.A. at 72.

Andrews then appealed to the Veterans Court. Andrews argued that CUE claims present legal issues that should be reviewed de novo by the Veterans Court in their entirety. On the merits, Andrews argued for the first time that the VA failed to consider evidence of unemployability in 1983 and 1985, and such failure was clear and unmistakable error. J.A. at 58. However, Andrews continued to urge only that the evidence of unemployability should have led to a higher disability rating for PTSD. Id. He did not argue that the RO erred in failing to treat his filings as raising a TDIU claim.

The Veterans Court dismissed the appeal in an unpublished one-page order, stating only that "the appellant has failed to allege any errors in the Board's decision and thus abandons the only issues addressed by the Board." Andrews v. West, No. 98-1849 (Vet. App. Jan. 24, 2000) ("Andrews I"). On appeal to this court, we held in a non-precedential opinion that Andrews' argument that the Board failed to consider all the evidence was an allegation of error in the Board decision, vacated the Veterans Court's order, and remanded the case for disposition on the merits. Andrews v. Principi, 25 Fed. Appx. 997, 998 (Fed. Cir. 2001) ("Andrews II").

On remand, the Veterans Court initially affirmed the Board decision in an unpublished single-judge memorandum opinion. Andrews v. Principi, No. 98-1849 (Vet. App. Feb. 27, 2003). In response to Andrews' motion for reconsideration and panel review, the Veterans Court withdrew the single-judge opinion and in its place issued a

precedential panel opinion affirming the Board, with one judge dissenting in part. Andrews v. Principi, 18 Vet. App. 177 (2004) ("Andrews III"). The Veterans Court noted that it reviewed decisions of the Board to determine whether the Board decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. at 181 (internal quotation omitted). The court then rejected Andrews' claim that the VA in 1983 and 1985 failed to consider all the evidence because the RO is not always required to discuss the evidence it considers; and mere silence is not sufficient to establish a CUE claim based on a failure to consider evidence of record. Id. at 184. The court then held that, in any event, any error in failing to consider evidence would not have been outcome determinative and thus Andrews failed to establish CUE. Id.

Finally, the Veterans Court considered the effect of this court's intervening decision in Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001), where we held that "[o]nce a veteran submits evidence of a medical disability and makes a claim for the highest rating possible, and additionally submits evidence of unemployability, . . . the VA must consider TDIU." Id. at 1384. The Veterans Court held that: (1) Roberson applies only to pleadings in the underlying claim (i.e. the 1983 and 1985 claims for benefits), and does not apply to the CUE motion itself; (2) if Roberson applied to CUE motions at all, it did not change the requirement that CUE claims be pled with specificity, and in the CUE motion Andrews failed to allege an error in the 1983 and 1985 decision with specificity; and (3) if Roberson applied to CUE motions and modified the requirement that CUE claims be pled with specificity, Andrews did not properly argue that the Board failed to read his CUE motion sympathetically under Roberson. Andrews III, 18 Vet. App. at 185-86. The Veterans Court therefore affirmed the decision of the Board finding

no CUE in the 1983 and 1985 decisions. Andrews appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

Under 38 U.S.C. § 7292, as amended in 2002, we have jurisdiction to review decisions of the Court of Appeals for Veterans Claims on all issues of law where "the decision below regarding a governing rule of law would have been altered by adopting the position being urged." Morgan v. Principi, 327 F.3d 1357, 1363 (Fed. Cir. 2003); see 38 U.S.C. § 7292 (2000 & Supp. II 2002); Wagner v. Principi, 370 F.3d 1089, 1091 (Fed. Cir. 2004). We have jurisdiction "to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute." Szemraj v. Principi, 357 F.3d 1370, 1375 (Fed. Cir. 2004). However, except with respect to constitutional issues, we do not have jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d) (2000).[2] We review issues of law without deference. Wagner, 370 F.3d at 1092.

I

The government challenges the jurisdiction of this court to consider legal error in the adjudication of Andrews' claim. Apparently relying on the finality requirement discussed in Mayer v. Brown, 37 F.3d 618, 619-20 (Fed. Cir. 1994), the government argues that, even if the VA had erred in failing to construe the veteran's pleadings to raise a TDIU claim in the 1983 and 1985 proceedings, such an error should not be

---

[2]      See also United States v. Gaudin, 515 U.S. 506, 512 (1995) ("[T]he application-of-legal-standard-to-fact sort of question [is] commonly called a 'mixed question of law and fact.'"); Lennox v. Principi, 353 F.3d 941, 945 (Fed. Cir. 2003).

considered on a CUE motion. Rather, the government urges that the TDIU claim is still pending before the RO awaiting adjudication, and that the Veterans Court and this court are without jurisdiction because there is no Board decision for us to review.[3] We disagree; the government's position is contradicted by our decision in Roberson.

In Roberson, the veteran filed an original claim in 1982. The application for benefits did not specify a TDIU claim, but did note that the veteran had not worked for a year. A RO decision was rendered in 1984, without discussing TDIU. The veteran then filed a CUE motion in 1995, arguing that the 1984 RO decision was clearly and unmistakably erroneous because it failed to consider a TDIU claim. On appeal from the CUE motion, we held that "Roberson's claim has been finally decided by the RO" and the Board, and that the claim was ripe for review. Roberson, 251 F.3d at 1384. Thus, we clearly held in Roberson that the VA's failure to consider a TDIU claim in this manner is properly challenged through a CUE motion. Because the Board has ruled on the CUE motion, the Veterans Court properly had jurisdiction to review its decision, and we have jurisdiction to review the Veterans Court's decision.

II

On the merits, Andrews submits that the Veterans Court somehow applied the wrong standard of review for Board decisions. Before the Veterans Court he argued that Board decisions on CUE are required to be reviewed de novo by the Veterans Court. He now appears to argue that review by the Veterans Court is de novo as to

---

[3] The government does not appear to have raised this issue below. Nevertheless, challenges to the jurisdiction of this court or of a lower court under review may be raised at any time. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).

issues of law. We find no legal error in the Veterans Court's application of the standard of review because the Veterans Court did review the legal issues <u>de novo</u>. The Veterans Court's standard of review is defined by statute. 38 U.S.C. § 7261 (2000). The pertinent statutory provision states that the Veterans Court shall "hold unlawful and set aside decisions . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." <u>Id.</u> § 7261(a)(3); <u>Kent v. Principi</u>, 389 F.3d 1380, 1383-84 (Fed. Cir. 2004). The Veterans Court held that this was the standard of review being applied. <u>Andrews III</u>, 18 Vet. App. at 183. It then rejected appellant's claim under this standard of review because the RO's failure to cite to all of the evidence in 1983 and 1985 did not by itself establish a failure to consider all the evidence. <u>Id.</u> at 183-84. There is no error in this holding.

III

However, there is also an issue whether the Veterans Court correctly interpreted this court's decision in <u>Roberson</u>, concerning the circumstances in which the VA has a duty to read pleadings sympathetically. "<u>Roberson</u> requires, with respect to all pro se pleadings, that the VA give a sympathetic reading to the veteran's filings." <u>Szemraj</u>, 357 F.3d at 1373; <u>see</u> <u>Moody v. Principi</u>, 360 F.3d 1306, 1310 (Fed. Cir. 2004). Andrews relies on <u>Roberson</u> in two respects:

Andrews argues that, under <u>Roberson</u>, the VA should have construed his 1983 and 1985 application for benefits to raise a TDIU claim. Andrews correctly notes that the record from the 1983 and 1985 proceedings contains evidence of unemployability. In this respect, the Veterans Court does not appear to disagree that <u>Roberson</u> applies. But Andrews cannot prevail on this argument unless he properly raised it before the

Board in a CUE motion. In this respect, the Veterans Court held that Roberson was inapplicable. The Veterans Court held that Roberson did not apply to CUE motions, stating that "[u]nder Moody, the Board was to afford [a] sympathetic reading to [the original] filings to see if the underlying decision contained CUE," but such a sympathetic reading was not required for CUE motions themselves. Andrews III, 18 Vet. App. at 185. The Veterans Court then held that, even if Roberson did apply to CUE motions, Roberson did not modify the requirement that CUE motions be pled with specificity, and that Andrews failed to satisfy the specificity requirement. Id. Andrews argues the Veterans Court erred and that Roberson is also applicable to CUE motions. He urges that the VA should have read his 1995 CUE motion sympathetically to raise an argument that his 1983 and 1985 filings raise a TDIU claim, even though the TDIU issue was not argued in the CUE motion.

The Veterans Court's interpretation of Roberson was in error. We have explained that Roberson is "not limited to its particular facts" and instead "Roberson requires, with respect to all pro se pleadings, that the VA give a sympathetic reading to the veteran's filings." Szemraj, 357 F.3d at 1373; see Moody, 360 F.3d at 1310. This includes CUE motions filed pro se. Although CUE claims must be pled with specificity, 38 C.F.R. § 20.1404(b) (2004), Roberson requires the RO and the Board to "fully and sympathetically" develop a veteran's pro se CUE motion "to its optimum before deciding it on the merits." Roberson, 251 F.3d at 1384. Quite simply, the VA's duty to sympathetically read a veteran's pro se CUE motion to discern all potential claims is antecedent to a determination of whether a CUE claim has been pled with specificity.

We trust that, after this clarification, the Veterans Court will have no difficulty in applying Roberson correctly in future cases.

However, although Roberson applies to pro se CUE motions, it does not apply to pleadings filed by counsel. As we have consistently held, Roberson applies "with respect to all pro se pleadings," Szemraj, 357 F.3d at 1373 (emphasis added), but "apart from the requirement that a pro se veteran's pleadings be read sympathetically, our decision in Roberson did not change the well-established legal standard for determining the existence of CUE in RO and [Board] decisions." Id. at 1375. Because it is not disputed that Andrews filed his 1995 CUE motion through counsel, Roberson is inapplicable here. Thus while the Veterans Court misunderstood our holding in Roberson, it ultimately did not err in holding that Roberson did not apply in this case. The Veterans Court's miscomprehension was harmless error. See id.

Failure to raise an issue in a CUE motion filed by counsel before the Board is fatal to subsequently raising the issue before the Veterans Court. As we held in Andre v. Principi, 301 F.3d 1354 (Fed. Cir. 2002):

> Because a CUE claim involves an allegation of an error with "some degree of specificity," a veteran's assertion of a particular clear and unmistakable error by the RO constitutes a distinct claim. For that reason, we cannot accept the proposition that Mr. Andre's original CUE claim . . . effectively encompassed all potential allegations of clear and unmistakable error in the RO's decision.

Id. at 1361 (emphasis added). We then held that "as far as the CUE claims that Mr. Andre raised for the first time before the Veterans Court were concerned, [the] . . . jurisdictional prerequisite of a Board decision concerning the matter being appealed" had not been satisfied. Id. at 1362 (internal quotations and alterations omitted).

In a letter filed under Rule 28(j) of the Federal Rules of Appellate Procedure in response to questions at oral argument, Andrews suggests that Andre's requirement that CUE claims be raised before the Board with specificity is inconsistent with the Supreme Court's decision in Sims v. Apfel, 530 U.S. 103 (2000). Sims involved a Social Security claimant who, during her appeal to the Social Security Appeals Council, argued only that the Administrative Law Judge erred in analyzing evidence, but subsequently urged during judicial review that the Administrative Law Judge had erred by asking defective questions to witnesses and in failing to order a consultative examination. Id. at 105-06. The Supreme Court granted review to consider "whether a claimant pursuing judicial review has waived any issues that he did not include" in a request for review by the Social Security Appeals Council. Id. at 105. The Court held that failure to raise issues in a request for review did not result in waiver. Id.

We have previously held that Sims is inapplicable to proceedings before the Veterans Court, because those proceedings are adversarial in nature. Forshey v. Principi, 284 F.3d 1335, 1355 (Fed. Cir. 2002) (en banc). However, proceedings before the Board, like those before the Social Security Appeals Council, are non-adversarial. Id. We nonetheless conclude that the requirement that litigants before the Board raise arguments in a CUE motion with specificity in order to preserve them for appeal in the Veterans Court is not inconsistent with Sims.

First, the decision in Sims relied heavily on the fact that "SSA regulations do not require issue exhaustion," 530 U.S. at 108, and concluded that "a judicially created issue-exhaustion requirement is inappropriate," id. at 112 (plurality opinion); see id. at 113 (O'Connor, J., concurring) ("In the absence of a specific statute or regulation

requiring issue exhaustion, however, such a rule is not always appropriate."). In contrast, the Sims Court noted that "it is common for an agency's regulations to require issue exhaustion in administrative appeals," and that such regulatory exhaustion requirements were permissible. Id. at 108. As an example of a regulation that "require[s] issue exhaustion in administrative appeals," the Court quoted 20 C.F.R. § 802.211(a), which requires an appellant to the Department of Labor Benefits Review Board[4] to "list[ ] the specific issues to be considered on appeal [to the Board]." 20 C.F.R. § 802.211(a) (2005); see Sims, 530 U.S. at 108. Section 802.211(a) is indistinguishable from the VA regulation that requires CUE claims to be pled with specificity. Section 20.1404(b) of Title 38 of the Code of Federal Regulations states:

> The [CUE] motion must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error.

38 C.F.R. § 20.1404(b) (2004). We upheld the specificity requirement of this regulation in Disabled American Veterans v. Gober, 234 F.3d 682, 699 (Fed. Cir. 2000). Because the pertinent regulations require a CUE motion to be pled with specificity, there is no "judicially created issue-exhaustion requirement," and the regulatory requirement for exhaustion is not inconsistent with Sims.

Second, the requirement that CUE claims be pled with specificity is consistent with Sims because there is no question of "whether a claimant pursuing judicial review has waived any issues that he did not include" in the CUE motion. Sims, 503 U.S. at 105 (emphasis added). A Board decision reaches only the specific assertions of CUE

---

⁴ The Benefits Review Board hears appeals of worker's compensation claims arising under the Longshore and Harbor Workers' Compensation Act and various

that are raised. <u>Andre</u>, 301 F.3d at 1361. Thus Andrews' failure to claim CUE based on TDIU does not waive such a claim—it only delays its adjudication to a time when it is properly raised. <u>See</u> <u>Disabled Am. Veterans</u>, 234 F.3d at 699 (Board cannot deny a CUE claim with prejudice for failure to plead with specificity). Andrews remains free to claim that he had raised TDIU in the 1983 and 1985 applications in a new CUE motion, and judicial review remains available after the Board has ruled on the claim.

## CONCLUSION

In sum, we hold that (1) <u>Roberson</u> requires the RO and the Board to sympathetically read all pleadings filed pro se, including CUE motions; (2) <u>Roberson</u> does not require sympathetic reading of pleadings filed by counsel; (3) when the VA violates <u>Roberson</u> by failing to construe the veteran's pleadings to raise a claim, such claim is not considered unadjudicated but the error is instead properly corrected through a CUE motion; and (4) failure to raise an issue in a CUE motion filed by counsel before the VA is fatal to subsequently raising the issue before the Veterans Court. Accordingly, the judgment of the Veterans Court is affirmed.

## <u>AFFIRMED</u>

No costs.

---

other statutes. 20 C.F.R. 801.102 (2005).