# United States Court of Appeals for the Federal Circuit

04-7020

THOMAS J. JOHNSTON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Christian J. Moran, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Assistant General Counsel, and Ethan G. Kalett, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Jamie L. Mueller, Attorney.

Appealed from: United States Court of Appeals for Veterans Claims

Retired Judge Kenneth B. Kramer

# United States Court of Appeals for the Federal Circuit

04-7020

THOMAS J. JOHNSTON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary
of Veterans Affairs,

Respondent-Appellee.

———————————————————

DECIDED:  August 17, 2005

———————————————————

Before RADER, GAJARSA, and DYK, <u>Circuit Judges</u>.

DYK, <u>Circuit Judge</u>.

Thomas J. Johnston ("Johnston") appeals from the decision of the Court of Appeals for Veterans Claims ("Veterans Court"), affirming the decision of the Board of Veterans' Appeals ("Board").  <u>Johnston v. Principi</u>, No. 01-2007 (Vet. App. July 8, 2003).  The Board denied Johnston's claim of clear and unmistakable error in a 1989 decision of the Department of Veterans Affairs ("VA").  We affirm.

## BACKGROUND

Johnston served on active duty in the Marines from 1967 to 1969.  In 1970, he was awarded service connection for a leg wound with a 10% disability rating.  In 1987, he was awarded a service connection for Post-Traumatic Stress Disorder ("PTSD") with a 100% disability rating.  In 1988, the VA reduced the disability rating for PTSD to 70%.

Johnston appealed the reduction to the Board. This appeal was filed by a representative who was not a lawyer. The appeal asked the Board to restore a 100% rating based on, inter alia, record evidence that the veteran was "not capable of even minimal employment." J.A. at 65. In its 1989 decision, the Board denied the claim for a 100% rating without discussing whether Johnston should be treated as raising a claim of total disability based on individual unemployability ("TDIU").[1]

In 2001, now represented by counsel, Johnston filed a motion with the Board claiming clear and unmistakable error ("CUE"). In addition to other, unrelated, claims, Johnston argued in his CUE motion that there was clear and unmistakable error in the 1989 decision because the Board failed to apply 38 C.F.R. § 4.16(c) and grant him TDIU. The 1989 version of 38 C.F.R. § 4.16(c) read:

> [I]n cases in which the only compensable service-connected disability is a mental disorder assigned a 70 percent evaluation, and such mental disorder precludes a veteran from securing or following a substantially gainful occupation . . . the mental disorder shall be assigned a 100 percent schedular evaluation.

38 C.F.R. § 4.16(c) (1989) (emphasis added).[2] That is, under § 4.16(c), a mandatory 100% rating was given when "the only compensable service-connected disability is a mental disorder assigned a 70 percent evaluation, and such mental disorder precludes a veteran from securing or following a substantially gainful occupation."

The Board found no CUE in the 1989 decision, holding that 38 C.F.R. § 4.16(c) was not applicable because the veteran also had a 10% service-connected left-leg

---

[1] Under the TDIU regulations, a veteran suffering from a service-connected disability can receive a 100% rating under certain circumstances if he can establish unemployability. See 38 C.F.R. § 4.16 (2004).

[2] Section 4.16(c) was repealed in 1996. 61 Fed. Reg. 52695 (Oct. 8, 1996).

wound, and thus the PTSD disability was not the "only compensable service-connected disability." The Board's decision with respect to 38 C.F.R. § 4.16(c) was not appealed to the Veterans Court, and that issue is not before this court.

Instead, Johnston's appeal to the Veterans Court argued that the 1989 decision contained CUE because it denied a rating of total disability without consideration of TDIU under another provision of the regulations, 38 C.F.R. § 4.16(b). That provision read:

> It is the established policy of the [VA] that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Therefore, rating boards should submit . . . for extra-schedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in paragraph (a) of this section.

38 C.F.R. § 4.16(b) (1989) (emphasis added).

The Veterans Court held that Johnston had failed to raise the issue of the applicability of 38 C.F.R. § 4.16(b) to the Board, and thus the Board did not clearly and unmistakably err in failing to address that issue. Addressing this court's decision in Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001), the Veterans Court held that Roberson was limited to a situation "requiring remand of a pending non-CUE claim"; i.e., that Roberson did not apply to CUE claims themselves but only to a pending non-CUE claim. The Veterans Court thus affirmed the decision of the Board. Johnston appeals.

## DISCUSSION

We have jurisdiction to review decisions of the Veterans Court on all issues of law where "the decision below regarding a governing rule of law would have been altered by adopting the position being urged." Morgan v. Principi, 327 F.3d 1357, 1363

(Fed. Cir. 2003); see Wagner v. Principi, 370 F.3d 1089, 1091 (Fed. Cir. 2004). We have jurisdiction "to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute." Szemraj v. Principi, 357 F.3d 1370, 1375 (Fed. Cir. 2004). However, except with respect to constitutional issues, we do not have jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d) (2000). We review issues of law without deference. Wagner, 370 F.3d at 1092.[3]

Because there is evidence of unemployability in the record of the 1989 proceedings, Johnston argues that, under Roberson, the VA should have read the 1989 claim sympathetically and considered whether Johnston was entitled to TDIU under 38 C.F.R. § 4.16(b).

Johnston's problem is that he never raised the argument based on 38 C.F.R. § 4.16(b) before the Board in his CUE motion, even though he was represented by counsel. As we held in Andre v. Principi, 301 F.3d 1354, 1361 (Fed. Cir. 2002) and hold today in Andrews, slip op. at 8-10, a CUE claim must be pled with specificity under 38 C.F.R. § 20.1404(b).[4] It is true that, under Roberson, the VA has an antecedent duty to

---

[3] The government argues that any TDIU claim under § 4.16(b) is still pending before the RO awaiting adjudication, and that the Veterans Court and this court are without jurisdiction because there is no final Board decision for us to review. We have rejected the identical argument today in Andrews v. Nicholson, No. 04-7155, slip op. at 5-6 (Fed. Cir. Aug 17, 2005). We reject it here for the same reasons as in Andrews.

[4] 38 C.F.R. § 20.1404(b) states:

The [CUE] motion must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the

sympathetically read a CUE motion that is filed pro se before determining whether a claim has been pled with specificity. Andrews, slip op. at 8. But in this case, as in Andrews, the veteran was represented by counsel, and thus the Roberson rule is inapplicable to the CUE motion. Id., slip op. at 9.

Before the Board, the only claim to TDIU that Johnston raised was based on 38 C.F.R. § 4.16(c). Specifically, Johnston argued:

> [T]he [VA] was guilty [in 1989] of failing to apply 4.16(c) to Mr. Johnston's case . . . . Application of this regulation to Mr. Johnston's case is exactly on point. . . . Mr. Johnston should have been entitled to a total rating based on TDIU.

Motion for Revision Based on Clear and Unmistakable Error in Johnston v. West, No. 98-10 737 A, at 12 (Bd. Vet. App. 2001). Before the Veterans Court and this Court, however, Johnston claims that he was entitled to TDIU based on 38 C.F.R. § 4.16(b) and 38 C.F.R. § 3.340(a) (which merely sets forth the general standards for total disability ratings).

As we held in Andre, "a CUE claim involves an allegation of an error with 'some degree of specificity,'" and does not "encompass[ ] all potential allegations of clear and unmistakable error." 301 F.3d at 1361. The Veterans Court held that Johnston did not claim CUE based on 38 C.F.R. § 4.16(b) with specificity before the Board, Johnston, No. 01-2007, slip op. at 2, even though he claimed CUE based on § 4.16(c). Although the two provisions are in the same numeric section of the regulations, the two TDIU provisions function in completely different ways. Section 4.16(c) provided for a

---

legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error.

38 C.F.R. § 20.1404(b) (2004).

04-7020                                            5

mandatory 100% rating when the conditions in the regulation were satisfied, i.e. "if the only compensable service-connected disability is a mental disorder assigned a 70 percent evaluation, and such mental disorder precludes a veteran from securing or following a substantially gainful occupation." 38 C.F.R. § 4.16(c) (1989); see Fugo v. Brown, 6 Vet. App. 40 (1993) (total disability rating under § 4.16(c) requires a finding of unemployability). In contrast, § 4.16(b) provided for an individualized evaluation in cases where the veteran may be unemployable. 38 C.F.R. § 4.16(b) (1989).

We find no legal error in the Veterans Court's conclusion that Johnston did not claim CUE based on 38 C.F.R. § 4.16(b) with specificity. The requirement of specificity appearing in 38 C.F.R. § 20.1404(b) is properly read to require that the veteran, represented by counsel, identify before the Board the particular provision in the regulations on which he relies.

As in Andrews, Johnston remains free to raise before the VA, in a new CUE motion, his claim that the VA in 1989 erred in failing to consider his 1989 pleadings as raising a claim under § 4.16(b), and judicial review remains available after the Board has ruled on that claim.

## CONCLUSION

For the foregoing reasons, the Veterans Court's judgment is affirmed.

## AFFIRMED

No costs.