KASOLD, Judge,
concurring:
I concur in the Court’s holding that Mr. Richardson’s assertion that the 1944 RO decision failed to construe his pleadings to raise a claim was properly brought as a request to revise that decision based on CUE and that this matter must be remanded in light of Andrews and for application of Roberson. I disagree with the majority’s discussion as to how the Board or RO should proceed on remand. I believe a finding on remand that the 1944 RO failed to construe Mr. Andrews’ pleadings to raise a claim would constitute CUE in that decision, with the manifestly changed outcome being the processing of the claim. See Andrews v. Nicholson, 421 F.3d 1278, 1284 (Fed.Cir.2005) (“[W]hen the VA violates Roberson by failing to construe the veteran’s pleadings to raise a claim, such claim is not considered unadjudicated but the error is instead properly corrected through a CUE motion[.]”); see also Bingham v. Nicholson, 421 F.3d 1346, 1349 (Fed.Cir.2005) (finding that the 1950 Board’s disallowance of claim was a final decision and that the Secretary’s “failure to consider all aspects of a claim does not render a decision non-final but instead ‘is properly challenged through a CUE mo *76 tion.’ ”) (citing Andrews, supra); Roberson v. Principi, 251 F.3d 1378, 1384 (Fed.Cir.2001) (finding in the context of a request for revision on the basis of CUE that a final RO decision failed to construe claimant’s pleadings to include a TDIU claim and reversing); Nelson v. Principi, 18 Vet.App. 407, 409 (2004) (noting that Federal Circuit in Norton v. Principi, 376 F.3d 1336, 1338-39 (2004), rejected arguments that procedural violations in prior final decision could render that decision nonfinal, or that RO decision remained unadjudicated because the RO failed to sympathetically read his claim, and noting Mr. Nelson had not argued CUE).
Moreover, on remand, because Mr. Richardson’s request is one for revision based on CUE, the 1944 RO decision that is being attacked should be reviewed in the context of the law, regulations, and standards generally applied in requests for revision based on CUE and filed under 38 U.S.C. § 5109A. See, e.g., Pierce v. Principi, 240 F.3d 1348, 1355 (2001) (noting that final RO decisions are entitled to a presumption of validity); Haines v. West, 154 F.3d 1298 (Fed.Cir.1998), cert. denied, 526 U.S. 1016, 119 S.Ct. 1249, 143 L.Ed.2d 347 (1999) (noting that CUE is the type of error “about which reasonable minds could not differ”); Eddy v. Brown, 9 Vet.App. 52, 57 (1996) (finding that CUE must be based on the record and the law that existed at the time of the prior decision).
I also write to contrast Andrews with two situations not present here, and to which the CUE analysis in Andrews is not applicable. First, the CUE aspect of Andrews is inapplicable to cases in which an RO decision or certain subsequent procedural rights were never provided with regard to a claim for VA benefits or the pleadings of a claimant for VA benefits. In such cases, the entire claim for benefits and all aspects of that claim remain open — ■ in an unadjudicated status — and the claim can be pursued in a non-CUE context. See Tablazon v. Brown, 8 Vet.App. 359, 361 (1995) (allowing claimant pursuing claim to reopen to assert that his original claim was never final because no Statement of the Case (SOC) had been provided); Hauck v. Brown, 6 Vet.App. 518, 519 (1994) (allowing claimant pursuing an increased rating claim to assert that his claim was never final because the Secretary failed to mail him a copy of the Board decision pursuant to 38 U.S.C. § 7104(e)); Kuo v. Derwinski, 2 Vet.App. 662, 666 (1992) (allowing claimant pursuing an increased rating claim to assert that he was entitled to an earlier effective date because no SOC had been provided); Ashley v. Derwinski, 2 Vet.App. 307, 311 (1992) (finding claim in non-final status when the Secretary failed to mail a claimant a copy of the Board decision pursuant to 38 U.S.C. § 7104(e)(3)); see also Cook v. Principi 318 F.3d 1334, 1340 (2002) (citing favorably Tablazon, Hauck, Kuo, and Ashley, all supra, and finding a non-final claim occurs when “the time for appealing either an RO or a Board decision did not run where the [Secretary] failed to provide the veteran with information or material critical to the appellate process”); Woznick v. Nicholson, 19 Vet.App. 198, 201-02 (2005) (directing the Secretary to issue an SOC as to the appellant’s claim).
Second, the CUE aspect of Andrews is not applicable to a failure of the RO to adjudicate an informal claim for an increased disability rating and associated benefits, including TDIU, that arises from VA medical exams or hospitalization reports. See 38 C.F.R. § 3.157(b)(1) (2005); Norris v. West, 12 Vet.App. 413, 422 (1999) (determining that an informal claim for a TDIU rating reasonably raised to the RO via VA medical records was not adjudicated and thus the claim was not final for purposes of CUE attack); see also Rober *77 son (explicitly distinguishing the holding in Norris that an informal claim for TDIU benefits arising from VA medical records had never been adjudicated and therefore had not become final, with the circumstances in Roberson, which involved a claim for a TDIU rating presented by the veteran in his original claim for benefits that had not been processed because the pleadings were not sympathetically read).
One notable distinction between the formal claim or pleadings of the claimant and an informal claim based on medical records is that in the former the claimant makes a specific request for benefits, is presumably knowledgeable about what benefits he is seeking and the bases therefor, and is presumably capable of appealing a decision that does not provide all of the benefits sought. See, e.g., Roberson, 251 F.3d at 1383 (stating that Roberson’s original medical disability claim was decided by the RO and was the specific request for benefits for which Roberson sought the highest rating possible). In the latter situation, however, the entire claim and the benefits arising from that claim are generated by medical reports and are initiated pursuant to regulation, without a specific claim being filed by claimant. See Allin v. Brown, 10 Vet.App. 55, 58 (1997) (hospital report may constitute an informal claim for increased benefits and assignment of an earlier effective date that corresponds to date of hospital report); Servello v. Derwinski 3 Vet.App. 196, 199 (1992) (stating that § 3.157(b) does not require the veteran to identify the report as a claim or to identify the benefits sought).
In the instant case, the RO rendered a decision with regard to Mr. Richardson’s claim for disability compensation. That decision became final and, pursuant to Andrews, Mr. Richardson’s claim that the RO erred “by failing to construe [his] pleadings to raise a claim, [ ] is not considered unadjudicated but the error is instead properly corrected through a CUE motion!.]” Andrews, supra.