MOORMAN, Judge,
concurring:
I write separately to further discuss the state of the law following Andrews v. Nicholson, 421 F.3d 1278 (Fed.Cir.2005), and specifically I conclude that filing a motion for revision of a prior final RO or Board decision on the basis of CUE is not the only way in which to raise the issue of an unadjudicated pending claim.
I conclude that the Federal Circuit in Andrews stated a relatively narrow conclusion that was based on the particular fact pattern and procedural posture of that case. In Andrews, VA raised for the first time on appeal, as an argument to defeat the United States Court of Appeals for the Federal Circuit’s (Federal Circuit) exercise of jurisdiction, the possibility that a claim for TDIU was still pending and unadjudicated. 421 F.3d at 1281. However, in Andrews, the final decision by VA had been rendered after the facts that gave rise to the possibility of a TDIU rating were known and should have been considered by VA in determining that aspect of the original claim, the assignment of the disability rating. Id. at 1279-80; see Collaro v. West, 136 F.3d 1304, 1308 (Fed.Cir.1998) (noting the five elements of a claim for service connection); Fenderson v. West, 12 Vet.App. 119, 125 (1999). The Court opined that, under these circumstances, “when the VA violates Roberson [v. Principi, 251 F.3d 1378 (Fed.Cir.2001)], by failing to construe the veteran’s pleadings to raise a claim, such a claim is not considered unadjudicated but the error is instead properly corrected through a CUE motion[.]” Andrews, 421 F.3d at 1284. The presence of an underlying final decision is key to this conclusion.
*78 It is clear that there must be a finding that there is a final decision as to a claim before a revision based on CUE will lie. See May v. Nicholson, 19 Vet.App. 310, 314-19 (2005); Link v. West, 12 Vet.App. 39, 45 (1998); Best v. Brown, 10 Vet.App. 322, 325 (1997). And, if there is such a final decision as to the claim in issue, only a motion for revision on the basis of CUE or a claim to reopen for new and material evidence will lie. Cook v. Principi, 318 F.3d 1334, 1339 (Fed.Cir.2002) (noting the two statutory exceptions to the rule of finality). In discussing TDIU, this presents a troubling problem. For years, VA and this Court’s jurisprudence have discussed a “claim for TDIU.” The implication is that TDIU is a separate claim. But, the Federal Circuit in Roberson and again in Andrews clearly found that TDIU, reasonably raised before a final decision on the underlying disability claim, is incorporated as an element of that claim and is finally decided when the underlying disability claim is rated. See Roberson, 251 F.3d at 1384 (noting evidence of TDIU submitted at the time the application for VA disability compensation was filed and holding that the subsequent CUE motion addressing the RO’s failure to consider TDIU in the final RO decision was appropriate because “Roberson’s claim has been finally decided by the RO”); see also Andrews, 421 F.3d at 1281. On the other hand, there are circumstances where TDIU clearly can constitute a separate claim. One such circumstance is illustrated in Norris v. West, 12 Vet.App. 413 (1999), where this Court found that there were pending, unadjudicated claims for TDIU based on the fact that no final decision had been made concerning the informal claims for an increased rating (implicating TDIU) that were raised years after the initial RO decision on the appellant’s claim for service connection. The Federal Circuit, in Andrews, supra, saw no necessity to discuss Norris, supra, because, in my view, it perceived no conflict with Norris, supra. Therefore, I conclude that a final decision concerning a claim remains the indispensable antecedent for a finding of CUE and provides the explanation for the different treatment of TDIU issues in Andrews and Norris, both supra.
The Federal Circuit further reinforced this conclusion in Bingham v. Nicholson, 421 F.3d 1346, 1349 (Fed.Cir.2005), in finding that a VA failure to consider all possible theories, including presumptive theories, for service connection does not preclude a decision on the claim for service connection from being final; rather, such error results in an incomplete, yet final, adjudication of the claim that can be subject to a CUE attack. The Court concluded that, as to the appellant’s assertion that failure to consider one theory of service connection constituted a legal error that precluded finality, “the sole vehicle in which to properly pursue that challenge is a CUE claim.” 421 F.3d at 1349. The Federal Circuit then also noted the holding in Andrews that “VA’s failure to consider all aspects of a claim does not render its decision non-final but instead ‘is properly challenged through a CUE motion.’ ” Id.
Nothing in these decisions, however, leads me to conclude that every disability listed by a veteran in a single application for VA disability compensation is necessarily encompassed within a final decision by the RO or Board that expressly adjudicates only one of the claimed disabilities. One possible reading of Andrews is that a decision as to one of several disability claims simultaneously filed, as part of the same application for benefits, would constitute a final decision as to all. That reading would lead to the conclusion that, following a final decision as to one of the claimed disabilities, the veteran’s subse *79 quent request that VA process the other claims that were part of the same application could be asserted only in CUE motions, not as requests to process pending, unadjudicated claims. I do not agree with such a reading. As the Court indicated in Beverly v. Nicholson, 19 Vet.App. 394, 404-05 (2005), it “would be illogical and unfair ... to the appellant to [make him or her] wait until the Board decision is final and then face the high burden of proving CUE when any other error can be addressed immediately and more favorably when raised in a timely manner.”