# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1058

WILLIAM W. HALLE, IV,                                               APPELLANT,

     V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS,                                      APPELLEE.

Before KASOLD, HAGEL, and MOORMAN, *Judges.*

## O R D E R

In a single-judge order dated May 24, 2006, the Court affirmed the underlying May 24, 2004, Board of Veterans' Appeals (Board) decision on appeal. The Board had denied a compensable rating for hemorrhoids and an effective date prior to June 6, 1989, for the award of service connection for left trochanter bursitis. On June 13, 2006, the appellant, through counsel, filed a timely motion for reconsideration and, alternatively, for a panel decision.

In his motion, the appellant argues that the Board failed to discuss a Form 21-2545, dated in December 1978, that he had prepared and submitted during his medical examination process and constitutes an informal claim for trochanter bursitis. He further argues that the Board's failure to discuss this specific document rendered incorrect the Court's finding that the Board engaged in sufficient fact finding. Counsel for the appellant, who also represented the appellant before the Board, further advises the Court that he specifically argued before the Board that the VA Form 21-2545, dated December 1978, constituted an informal claim, and counsel directs the Court to the record on appeal at page 764 as support therefor. *See* Motion at 3. However, this document is a short Notice of Disagreement, signed by counsel, that presents no indication or argument that the Form 21-2545 might constitute an informal claim. Moreover, the appellant filed two appeals to the Board, both signed by counsel, that present solely an intent to appeal, with no specific arguments noted. *See* Record at 762, 773.

In appeals to the Board, claimants should allege specific errors of fact or law, *see* 38 U.S.C. § 7105(d)(5), and counsel are expected to present those arguments they deem material and relevant to their clients' cases. *See* MODEL RULES OF PROF'L CONDUCT R. 1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."); *see also Andrews v. Nicholson*, 421 F.3d 1278, 1282 (Fed. Cir. 2005) (pro se pleadings, not those of counsel, are entitled to sympathetic reading below). Moreover, when an issue is not raised below, it may result in that issue not being heard by the Court, *see Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000), and this is particularly so when an appellant was represented by counsel below, *see Andrews*, *supra*.

Additionally, counsel are professionally and ethically responsible for accuracy in their representations to the Court. *See* MODEL RULES OF PROF'L CONDUCT R. 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."); 3.3(a) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . . ."); *see also* U.S. VET. APP. R. ADM. & PRAC. 4(a) (adopting Model Rules of Professional Conduct).

In this instance, the Board noted its review of the December 1978 documents in the record and found nothing that could constitute an informal claim, and the Court found that determination not clearly erroneous. Inasmuch as the represented appellant did not assert below that the December 1978 Form 21-2545 itself constituted an informal claim, the Board did not err in addressing the documents more generally. The appellant fails to state a point of law or fact that the Court has overlooked or misunderstood and, therefore, reconsideration by the single judge or consideration by a panel is not warranted. *See* U.S. VET. APP. R. 35(e).

Upon consideration of the foregoing, the prior pleadings of the parties, and the record on appeal, it is

ORDERED by the single judge that the appellant's motion for reconsideration is denied. It is further

ORDERED by the panel that the appellant's motion for a panel decision is denied.

DATED: July 31, 2006                                              PER CURIAM.