NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RORY A. LAWSON,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7059

---

Appeal from the United States Court of Appeals for
Veterans Claims in No. 11-2905, Judge Robert N. Davis.

---

Decided: July 8, 2015

---

LAURA A. LYDIGSEN, Brinks Gilson & Lione, Chicago,
IL, argued for claimant-appellant. Also represented by
JANET PIOLI, YUN WEI, DAVID HANNA.

SHARI A. ROSE, Commercial Litigation Branch, Civil
Division, United States Department of Justice, Washing-
ton, DC, argued for respondent-appellee. Also represented
by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., MARTIN
F. HOCKEY, JR.; LARA EILHARDT, DAVID J. BARRANS, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before O'MALLEY, WALLACH, and GILSTRAP*, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Rory A. Lawson ("Lawson") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") which set aside an August 10, 2011 decision of the Board of Veterans' Appeals ("Board") and remanded for further proceedings. *Lawson v. Shinseki,* No. 11-2905, 2013 WL 4830764 (Vet. App. Sept. 11, 2013). Because the Veterans Court decision is not sufficiently final for purposes of review, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND

The procedural history of this case is long and complex, and we recite only those facts relevant at this stage. Lawson served on active duty in the United States Army from February 1975 to February 1978. Many years after Lawson first filed a claim for service connection for psychiatric disorder, a Regional Office ("RO") of the Department of Veterans Affairs ("VA") finally granted his claim in June 2007. Specifically, the RO granted Lawson's claim for service-connected delusional disorder, persecutory type, and assigned a 100 percent disability rating effective June 21, 2004.

In August 2007, Lawson submitted a statement to the VA that he was seeking "(CUE) clear error on the initial

_____

\*    The Honorable Rodney Gilstrap, District Judge for the U.S. District Court for the Eastern District of Texas, sitting by designation.

claim date" and "asking the rating decision be awarded from May 24, 1985." Joint Appendix ("J.A.") 274. In a September 2007 rating decision, the RO denied entitlement to an earlier effective date prior to June 21, 2004. The RO issued a Statement of the Case on February 21, 2008, continuing its denial of an earlier effective date. In relevant part, the RO explained that Lawson failed to file a Notice of Disagreement with a February 5, 2003 decision denying service connection, and thus that decision became final. J.A. 248. Lawson timely appealed the RO's denial of his entitlement to an earlier effective date to the Board.

In a decision dated August 10, 2011, the Board found that Lawson did not qualify for an effective date earlier than the date of his June 21, 2004 claim for disability benefits. *Lawson*, 2014 WL 4830764, at \*1. In reaching this conclusion, the Board indicated that Lawson did not appeal the RO's February 2003 rating decision and that, in the absence of a claim of clear and unmistakable error ("CUE"), there is no basis for an earlier effective date. J.A. 173. The Board further noted that, although Lawson's August 2007 statement referenced CUE, it did not allege CUE in any specific prior Board or RO decision.

Lawson obtained counsel to represent him pro bono and timely appealed the Board's denial to the Veterans Court. Before the Veterans Court, Lawson argued, among other things, that: (1) the Board erred in its finding that he had not raised a CUE claim by failing to read his pro se pleadings sympathetically and liberally, and that based on CUE, he was entitled to disability benefits dating back to at least September 16, 1998; and (2) the Board erred in finding the February 2003 denial final because the RO failed to comply with the mandatory notice requirements of 38 U.S.C. §§ 5104 and 7104 when it sent the RO's rating decision to the wrong address.

In the September 2013 decision at issue on appeal, the Veterans Court vacated the Board's decision and remanded for further proceedings. The court noted that Lawson's notice argument was raised for the first time on appeal. *Lawson*, 2013 WL 4830764, at \*1. But because Lawson would not "later be allowed to file a freestanding claim for an earlier effective date," the Veterans Court exercised its discretion to consider the argument. *Id.* (citing *Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000)). Recognizing that resolution of the notice issue "requires making determinations in the first instance that are fact based, evidentiary, and potentially not based on the record before the Board," the Veterans Court exercised its discretion to remand the matter for consideration by the Board in the first instance. *Id.* (citing *Kyhn v. Shinseki*, 716 F.3d 572 (Fed. Cir. 2013)). Given its determination that remand was necessary, the court declined to address Lawson's additional arguments "as to other inadequacies in the Board's statement of reasons or bases." *Id.* (citing *Mahl v. Principi*, 15 Vet. App. 37, 38 (2001)). The court did, however, invite Lawson to submit additional argument and evidence to the Board on remand. *Id.*

Lawson filed a motion for reconsideration, or in the alternative, a motion for a panel decision. The Veterans Court granted the motion for panel review, but denied Lawson's request for reconsideration. *Lawson v. Shinseki*, No. 11-2905, 2013 WL 6177758, at \*1 (Vet. App. Nov. 26, 2013) (holding that "the single-judge memorandum decision remains the decision of the Court"). The court subsequently entered judgment on December 18, 2013.

Lawson timely appealed to this court, arguing, among other things, that the Veterans Court erred in remanding his notice error claim for fact finding without addressing his separate CUE claim errors. According to Lawson, the Veterans Court should have resolved the CUE claim

errors because the relief he seeks for those errors "(benefits dating back to September 16, 1998) is *greater* than the relief he seeks for the notice error (benefits dating back to November 8, 2002)." Appellant Br. 41.

## DISCUSSION

The threshold issue is whether we have jurisdiction over Lawson's appeal of the Veterans Court's remand order. The scope of our review of a Veterans Court decision is limited by statute. *See* 38 U.S.C. § 7292 (2012). Although the statute conferring jurisdiction to review decisions of the Veterans Court does not specifically require a "final" decision, we generally decline to review non-final decisions of the Veterans Court on prudential grounds. *Joyce v. Nicholson*, 443 F.3d 845, 849 (Fed. Cir. 2006) (citing *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002)). This finality rule serves several purposes: it "promot[es] efficient judicial administration," "emphasize[s] the deference that appellate courts owe to the trial judge," and "reduces harassment of opponents and the clogging of the courts through successive appeals." *Williams*, 275 F.3d at 1364 (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

Thus, we typically do not review the Veterans Court's remand orders because they are not final decisions. *Joyce*, 443 F.3d at 849 ("We have repeatedly made clear that a decision by the [Veterans Court] remanding to the Board is non-final and not reviewable."). We will only depart from this rule of finality when three conditions are met:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and,

(3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364 (citations omitted). The exception to the finality rule is narrow, and is met only in rare circumstances. *Conway v. Principi*, 353 F.3d 1369, 1374 (Fed. Cir. 2004) (finding that it was "one of the rare cases" where the *Williams* criteria were met).

The remand order in this case does not satisfy the narrow exception articulated in *Williams*. A close reading of the remand decision reveals that the Veterans Court did not make a "clear and final decision" on a legal issue as required to meet the first *Williams* condition. Instead, the Veterans Court exercised its discretion to remand Lawson's case "for consideration by the Board in the first instance." *Lawson*, 2014 WL 4830764, at *1. The Veterans Court explained that, "in pursuing his claim on remand, Mr. Lawson will be free to submit additional argument and evidence as to the remanded matter, and the Board must consider any such evidence or argument submitted." *Id.* (citing *Kay v. Principi*, 16 Vet. App. 529, 534 (2002)).

Given the broad language of the remand order, we conclude that, on remand, Lawson will have an opportunity to submit additional argument and evidence with respect to the alleged CUE claim errors. Indeed, at oral argument, counsel for the government conceded that the alleged CUE claim errors are encompassed within the Veterans Court's remand. Specifically, counsel stated that:

As the court noted, the remand is broader than Mr. Lawson is contending. The Veterans Court specifically cited *Kay v. Principi* for the point that he would be free to submit additional arguments and evidence as to the remanded matter and that would also include CUE claims. Here, the CUE

> issue was that the Board found that he had not yet raised a valid CUE claim. He is able to better develop that when he returns to the Board.

Oral Argument at 21:33-22:00, *available at* http://www. cafc.uscourts.gov/oral-argument-recordings/14-7059/all. And, when asked whether the government will concede before the Board that the remand "includes a full, open reevaluation of whether [Lawson] has properly raised a CUE claim," the government's counsel answered affirmatively. *Id.* at 22:00-22:24.[1] Given these concessions, there is no dispute that the remand order includes both the alleged notice error and the alleged CUE claim errors.

On remand, the Board must consider Lawson's alleged CUE claim errors before rendering a new decision. In doing so, the Board should be mindful that it "has a special obligation to read pro se filings liberally." *Robinson v. Shinseki*, 557 F.3d 1355, 1358-59 (Fed. Cir. 2009). This obligation "applies both to proceedings appealing a decision of the RO to the Board ('direct appeals') and to proceedings alleging a clear and unmistakable error ('CUE') in a final decision of the Board." *Id.* at 1359. Accordingly, on remand, the Board must sympathetically and liberally construe Lawson's pro se filings to determine whether he asserted CUE with sufficient particularity. *See Andrews v. Nicholson*, 421 F.3d 1278, 1283 (Fed. Cir. 2005) ("[T]he VA's duty to sympathetically read a veteran's pro se CUE motion to discern all potential claims is antecedent to a determination of whether a CUE claim has been pled with specificity.").

---

[1] Counsel for the government further recognized that Lawson will not have to file a new CUE claim, stating that "he's entitled to review before the RO, but if he wanted to waive that and develop his CUE claim before the Board, he would be entitled to do that." Oral Argument at 23:56-24:19.

We can certainly understand Lawson's frustration with the amount of time it has taken for him to obtain his service-connected benefits. Although Lawson argues that remand proceedings are unnecessary and will subject him to additional back and forth, that possibility "does not render the interim decision of the Court of Appeals for Veterans Claims sufficiently final for purposes of our review." *Williams*, 275 F.3d at 1365.

CONCLUSION

Because the Veterans Court's decision was not final, and because no exception to the finality requirement applies, we lack jurisdiction. We therefore dismiss this appeal.

**DISMISSED**