Citation Nr: 1829855 
Decision Date: 09/05/18 Archive Date: 09/24/18

DOCKET NO. 15-06 119A ) DATE
 )
 )


THE ISSUE

Whether there was clear and unmistakable error (CUE) in an October 2014 Board decision that denied entitlement to nonservice-connected death pension benefits and declined to reopen the claim of entitlement to service connection for the cause of the Veteran's death. 


ATTORNEY FOR THE BOARD

Tracie N. Wesner, Counsel


INTRODUCTION

The Veteran served in the Regular Philippine Army, to include service in the recognized Guerillas, from May 1945 to June 1946. He died in February 1978. The appellant is his surviving spouse. This matter is before the Board as an original action on the motion of the appellant in which she alleges CUE in an October 2014 Board decision.


FINDINGS OF FACTS

1. In an October 2014 decision, the Board denied the appellant's claims of entitlement to nonservice-connected death pension benefits and declined to reopen the claim of entitlement to service connection for cause of the Veteran's death.

2. The correct facts, as they were known at the time of the October 2014 decision, were before the Board, and the statutory or regulatory provisions extant at the time were correctly applied.


CONCLUSION OF LAW

The October 2014 Board decision denying entitlement to nonservice-connected death pension benefits and declined to reopen the claim of entitlement to service connection for cause of the Veteran's death was not clearly and unmistakably erroneous. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1400, 20.1403.


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The appellant seeks revision of an October 2014 Board decision, alleging CUE in the Board's denial of entitlement to nonservice-connected death pension benefits and declining to reopen the previously denied claim of entitlement to service connection for the cause of the Veteran's death. 

Under 38 U.S.C. § 7111, a prior Board decision may be reversed or revised on the grounds of CUE. Motions for review of prior Board decisions on the grounds of CUE are adjudicated pursuant to the Board's Rules of Practice at 38 C.F.R. §§ 20.1400-1411. The motion alleging CUE in a prior Board decision must set forth clearly and specifically the alleged CUE, or errors of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been different but for the alleged error. 38 C.F.R. § 20.1404(b).

The determination of whether a prior Board decision was based on CUE must be based on the record and the law that existed when that decision was made. 38 C.F.R. § 20.1403(b)(1). CUE is a very specific and rare kind of error. It is the kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied. 38 C.F.R. § 20.1403(a); see also Fugo v. Brown, 6 Vet. App. 40, 43 (1993).

To warrant revision of a Board decision on the grounds of CUE, there must have been an error in the Board's adjudication of the appeal that, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be CUE. 38 C.F.R. § 20.1403(c); see also Bustos v. West, 179 F.3d 1378, 1380-81 (Fed. Cir. 1999) (expressly holding that in order to prove the existence of CUE, a claimant must show that an error occurred that was outcome-determinative, that is, an error that would manifestly have changed the outcome of the prior decision).

Examples of situations that are not CUE include a new medical diagnosis that "corrects" an earlier diagnosis considered in a Board decision; the Secretary's failure to fulfill the duty to assist; and disagreement as to how the facts were weighed or evaluated. 38 C.F.R. § 20.1403(d). CUE does not include the otherwise correct application of a statute or regulation where, subsequent to the Board decision, there has been a change in the interpretation of the statute or regulation. 38 C.F.R. § 20.1403(e). 

As a threshold matter, the Board finds that the arguments advanced by the appellant allege CUE with the requisite specificity in light of the Board's duty to read the Veteran's submissions sympathetically. See 38 C.F.R. § 20.1404(b); see Andrews v. Nicholson, 421 F.3d 1278, 1282 (Fed. Cir. 2005). Further the manifestly changed outcome may be inferred from the pleadings, even though not explicitly stated. See Canady v. Nicholson, 20 Vet. App. 393, 401-02 (2006).

Death Pension

The Board finds no error in the October 2014 decision. First, with regard to the appellant's pension claim, the Board correctly found that the appellant does not meet the basic eligibility requirements for nonservice-connected death pension benefits because the Veteran did not have qualifying service. 38 U.S.C. §§ 1521(j), 1541; 38 C.F.R. § 3.3. 

VA law provides that nonservice-connected death pension benefits shall be paid to the surviving spouse of a Veteran of a period of war who meets established service requirements. 38 U.S.C. § 1541. To establish basic eligibility for VA nonservice-connected death pension benefits, in part, the evidence must show that the Veteran had active military, naval, or air service. 38 U.S.C. §§ 101(2), (24), 1521(j); 38 C.F.R. §§ 3.1, 3.6. 

The term "veteran" is defined as a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable. 38 U.S.C. § 101(2). "Active military, naval, and air service" includes active duty. "Active duty" is defined as full-time duty in the "Armed Forces," which consists of the United States Army, Navy, Marine Corps, Air Force, and Coast Guard, including their Reserve components. 38 C.F.R. §§ 3.1, 3.6(a), (b). 

Service prior to July 1, 1946 in the Philippine Scouts and in the organized military forces of the Government of the Commonwealth of the Philippines in the service of the Armed Forces of the United States (including recognized guerrilla service) is qualifying service for compensation, dependency and indemnity compensation, and burial allowance. However, it is not qualifying service for nonservice-connected pension (to include death pension) benefits. 38 U.S.C. § 107; 38 C.F.R. §§ 3.40, 3.41.

The service department has certified that the Veteran's service consisted of service with the recognized Guerillas and the Regular Philippine Army from May 1945 to June 1946. Under governing law and regulations, the Veteran's service in the recognized Guerillas prior to July 1, 1946 is not qualifying service for nonservice-connected death pension benefits. 38 U.S.C. § 107; 38 C.F.R. §§ 3.40, 3.41. There is no evidence that the Veteran had any additional, qualifying active service. Because the law was dispositive on this issue, the appellant's claim was denied as a matter of law. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). The Board finds that the October 2014 Board decision was not clearly erroneous.

Reopening Service Connection for Cause of Death

The Board further finds that the Board did not commit an error of fact or law in declining to reopen the appellant's claim of entitlement to service connection for the cause of the Veteran's death. The Board discussed the evidence received from VA subsequent to the January 2004 rating decision that initially denied entitlement to service connection for the cause of the Veteran's death, and found that all of this evidence was cumulative of the evidence that was of record in January 2004 and that the RO considered in denying the claim. Thus, the low bar for reopening was not met. 38 C.F.R. § 3.156(a); Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). The appellant does not contend that the Board failed to address any relevant evidence received by VA subsequent to the January 2004 rating decision. 

Furthermore, the Board finds that any potential error in declining to reopen did not manifestly change the outcome of the appellant's claim. In order to prevail and obtain revision of a decision on the basis of CUE, the appellant must establish that an error by the Board manifestly changed the outcome of her claim. A manifest change in the outcome of an adjudication means that, absent the alleged CUE, the benefit sought would have been granted at the outset. King v. Shinseki, 26 Vet. App. 433, 441 (2014). The standard is not whether it is reasonable to conclude that the outcome would have been different. Id. at 442. In the context of a claim to reopen, a manifest change in the outcome of the claim is not that the claim would have been reopened, but that benefits would have been granted. Crippen v. Brown, 9 Vet. App. 412, 423 (1996) (holding that CUE can be found only if it is determined that, had the RO not erred in declining to reopen the claim, the outcome on the merits of the claim would manifestly have been changed). 

Here, there was no evidence of record in October 2014 demonstrating a link between the Veteran's death caused by congestive heart failure due to rheumatic heart disease, with bleeding and chronic peptic ulcer as a contributory cause, and a disease, injury or event in service. Although the Veteran's May 1946 Service Examination noted a systolic murmur, there was no evidence of congestive heart failure, rheumatic heart disease or a chronic peptic ulcer in service. To the extent the appellant argues that the Board erred by not obtaining a medical opinion addressing whether the findings in service were related to the cause of the Veteran's death, a breach of the duty to assist cannot constitute CUE. Cook v. Principi, 318 F.3d 1334, 1345-47 (Fed. Cir. 2002); see also Caffrey, 6 Vet. App. at 384. As noted by the United States Court of Appeals for the Federal Circuit ("Federal Circuit") in Cook, the requirements that a clear and unmistakable error be both outcome determinative and based on the record that existed at the time of the original decision make it impossible for a breach of the duty to assist to form the basis for a CUE claim. Cook, 318 F.3d at 1346. Thus, the Board finds that the October 2014 Board decision was not clearly erroneous.


ORDER

The Veteran's motion to revise or reverse the October 2014 Board decision denying entitlement to nonservice-connected death pension benefits and declining to reopen the claim of entitlement to service connection for cause of the Veteran's death, is denied.




 ____________________________________________
STEVEN D. REISS
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs