NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD MACPHERSON,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7086

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 08-3660, Judge Mary J. Schoelen.

---

Decided: May 20, 2013

---

DONALD W. MACPHERSON, of Phoenix, Arizona, pro se.

SARA M. BIENKOWSKI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel, and MARTIN J. SENDEK, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before RADER, *Chief Judge*, MOORE, *Circuit Judge*, and BENSON, *District Judge*.*

PER CURIAM.

Donald W. MacPherson appeals from the decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming the denial of a compensable rating for Mr. MacPherson's service-connected hearing loss. Because the Veterans Court did not err, we *affirm*.

BACKGROUND

Mr. MacPherson served on active duty in the U.S. Army from 1967 to 1971. In 2004, he filed a claim for entitlement to service connection for hearing loss. Based on a VA audiological examination, the regional office (RO) granted service connection for bilateral hearing loss but rated it as 0% disabling.

Mr. MacPherson filed a Notice of Disagreement with the RO's decision to award a noncompensable rating and asked the VA to review his claim under the Decision Review Officer (DRO) process. After a DRO issued a Statement of the Case, the RO informed Mr. MacPherson that his request for a Board of Veterans' Appeals hearing at a local VA field facility (a travel Board hearing) had been granted. Mr. MacPherson canceled the hearing, however, stating that it was premature because he wanted to wait for a decision by a DRO.

_____

   *    Honorable Dee V. Benson, District Judge, United States District Court of Utah, sitting by designation.

A DRO then issued a Supplemental Statement of the Case (SSOC). The DRO concluded that Mr. MacPherson's VA medical records showed "no objective findings in regards to [his] bilateral hearing loss to change the previously assigned 0% evaluation." S.A. 73. On the same day, the RO also sent Mr. MacPherson a letter informing him that a new travel Board hearing had been scheduled. Mr. MacPherson failed to appear at the hearing.

Soon thereafter, the Board issued its decision. The Board stated that Mr. MacPherson had failed to report for two scheduled hearings and that it considered his request for a hearing to be withdrawn. The Board also concluded, based on audiological testing, that his hearing loss was noncompensable.

The Board denied Mr. MacPherson's motion for reconsideration. It held that it had correctly considered Mr. MacPherson's request for a hearing to be withdrawn because he failed to report for the second hearing. The Board rejected Mr. MacPherson's argument that he never received notice of the second hearing. It explained that, based on the presumption of regularity, Mr. MacPherson would be presumed to have received the notice letter that the VA mailed to him absent clear evidence to the contrary. The Board noted that the letter was sent to Mr. MacPherson's address of record where he received other VA correspondence, including the SSOC. The Board concluded that Mr. MacPherson failed to rebut the presumption of regularity.

The Veterans Court affirmed the Board's decision. It concluded that the Board did not err by holding that Mr. MacPherson failed to rebut the presumption of regularity. The court also held that the Board correctly applied Mr. MacPherson's audiological test results to the rating schedule to conclude that his hearing loss was noncompensable. Mr. MacPherson appeals.

DISCUSSION

Our jurisdiction to review the Veterans Court's decisions is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction, however, over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" unless the challenge presents a constitutional issue. 38 U.S.C. § 7292(d)(2). We review the Veterans Court's legal conclusions *de novo*. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

## I. Failure to Appear

Mr. MacPherson argues that the regulation governing scheduling and notice of travel Board hearings is unconstitutional, both facially and as applied to him. That regulation provides that, when a Board hearing is scheduled at a VA field facility, the appellant requesting the hearing will be notified of its time and place. 38 C.F.R. § 20.704(b). The regulation further provides that, if an appellant fails to appear for a scheduled hearing and a request for postponement has not been granted, the case will proceed as though the request for a hearing had been withdrawn. *Id.* § 20.704(d). No further request for a hearing will be granted in the same appeal unless the appellant establishes (1) that "failure to appear was with good cause" and (2) that the failure arose "under such circumstances that a timely request for postponement could not have been submitted prior to the scheduled hearing date." *Id.* A motion for a new hearing date must be filed within fifteen days of the originally scheduled hearing date. *Id.*

Mr. MacPherson argues that § 20.704 violates his due process rights. He contends that he did not receive actual notice of the second travel Board hearing until he received

the Board's decision, nearly three months after the scheduled hearing date. Mr. MacPherson thus argues that he could not possibly have satisfied the fifteen-day requirement. He asserts that the regulation therefore deprives him and similarly situated veterans of the right to be heard by affording them no opportunity to articulate good cause for missing a Board hearing within the required timeframe. Mr. MacPherson argues that he is entitled to have his case remanded for the Board to consider whether he had good cause for failing to appear at the hearing. He points to evidence that he argues demonstrates good cause.

To the extent that Mr. MacPherson raises a genuine constitutional question, we agree with the government that § 20.704 satisfies the constitutional requirements of notice and provides an opportunity to be heard. On its face, § 20.704(b) requires that claimants be notified of a hearing, and § 20.704(d) only applies in situations where the VA provides this notice. We therefore conclude that the regulation is not facially unconstitutional.

Nor is the regulation unconstitutional as applied. Mr. MacPherson argues that he was denied due process because he did not receive notice of the second travel Board hearing and thus did not have an opportunity to show good cause for missing it within fifteen days, as required by the regulation. In substance, however, Mr. MacPherson's contention is that the Veterans Court incorrectly held that he failed to rebut the presumption of administrative regularity. We see no error in the Veterans Court's conclusion that the letter notifying Mr. MacPherson of the second Board hearing should be presumed to have been mailed. "[I]n the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties." *Rizzo v. Shinseki*, 580 F.3d 1288, 1292 (Fed. Cir. 2009). The letter in the record was addressed to Mr. MacPherson at the address where he received other VA correspondence,

including the SSOC. The letter was dated the same day as the SSOC, which Mr. MacPherson acknowledges he received. The SSOC expressly referenced the letter. Mr. MacPherson has not proffered evidence sufficient to rebut the presumption of administrative regularity. He has not provided clear evidence that he did not receive the letter. We thus hold that the Board's application of § 20.704 to Mr. MacPherson's case did not violate his due process rights because he failed to rebut the presumption that the VA mailed him notice of the second Board hearing.

## II. Audiological Testing

Mr. MacPherson makes several arguments that he contends are constitutional in nature regarding the audiological tests that the VA performed. He argues, for example, that the RO violated his due process and equal protection rights when it failed to perform certain tests, including testing his hearing at several additional "puretone thresholds." Mr. MacPherson alleges that the VA contravened its own requirements by failing to perform these tests.

As an initial matter, despite how Mr. MacPherson frames his objections to the VA's audiological testing, we conclude that he does not present any genuine constitutional issues. It is well-established that an appellant's mere characterization of an issue as constitutional "does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Here, Mr. MacPherson fails to show how the fact that the VA did not perform tests beyond those required by the regulation is a constitutional violation.

Regardless, the Veterans Court correctly concluded that the VA examiner followed the VA's hearing impairment regulation, 38 C.F.R. § 4.85, when the examiner conducted the speech recognition and puretone audiometry tests. The regulation does not require the VA to perform the additional tests that Mr. MacPherson alleges

were improperly omitted. As the Veterans Court explained, the Board applied the rating schedule to the audiological test results in accordance with the regulations. We thus hold that the Veterans Court correctly concluded that the Board properly relied on these tests to conclude that Mr. MacPherson's hearing loss did not warrant a compensable rating.

## II. CONCLUSION

We have considered Mr. MacPherson's other arguments on appeal and find them to be without merit. Because the Veterans Court did not err, we affirm its holding that Mr. MacPherson is not entitled to a compensable rating for his hearing loss.

## AFFIRMED

### COSTS

No Costs.