# United States Court of Appeals for the Federal Circuit

---

**LOUIS C. MORRIS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2032

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-3376, Judge Coral Wong Pietsch.

---

Decided: July 18, 2022

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, TARANTO and STARK, *Circuit Judges*.

TARANTO, *Circuit Judge*.

In 1970, Vietnam War veteran Louis C. Morris applied to the Veterans Administration (now the Department of Veterans Affairs, hereinafter "VA") for disability benefits. Later that year, he received two decisions from a VA regional office: In August 1970, VA denied his claim for benefits based on a service-connected condition; and in November 1970, VA granted his claim for a pension based on a non-service-connected condition. Of importance here, in 2014, after a number of other filings and adjudications, Mr. Morris filed with VA a request for revision of the November 1970 rating decision on the grounds of clear and unmistakable error. He argued that VA, in the November 1970 decision, had implicitly denied his claim for benefits based on a service-connected condition and, in so doing, violated 38 C.F.R. § 3.303(b). Both the VA regional office and, on appeal, the Board of Veterans' Appeals determined that there was no such clear and unmistakable error.

Mr. Morris then appealed to the Court of Appeals for Veterans Claims (Veterans Court). Before that court, Mr. Morris presented only a single argument: that a September 1970 notice from VA—giving notice of the August 1970 rating decision—was constitutionally inadequate under the Due Process Clause of the Fifth Amendment. Mr. Morris acknowledged that he had not presented this argument to the Board, but he contended that the Veterans Court was obligated to consider this constitutional question in the first instance under 38 U.S.C. § 7261(a)(1). The Veterans Court disagreed and exercised its discretion, under our issue-exhaustion precedents, to decline to entertain the argument presented for the first time on appeal. *Morris v. McDonough*, No. 19-3376, 2021 WL 748615, at *5–6 (Vet. App. Feb. 26, 2021).

Mr. Morris appeals.  We reject Mr. Morris's contention that, as a matter of law, the Veterans Court lacked discretion to apply an issue-exhaustion analysis to decide whether to hear Mr. Morris's new argument on appeal.  Because Mr. Morris does not challenge the Veterans Court's application of that analysis, we affirm the dismissal of the appeal by the Veterans Court.

I

Louis Morris served in the U.S. Army from January 1965 to January 1968.  In May 1970, he filed a claim for disability benefits under 38 U.S.C. § 310 (1970) (now 38 U.S.C. § 1110), alleging a disability based on a nervous condition connected to his service.  In August 1970, the VA regional office issued a rating decision, which denied service-connected-disability compensation for the nervous condition but deferred consideration of a claim for a non-service-connected pension available to disabled veterans that served during a time of war under 38 U.S.C. § 521 (1970) (now 38 U.S.C. § 1521).  In September 1970, the regional office sent Mr. Morris a notice stating that the evidence submitted did not meet the requirements to establish entitlement to service-connected-disability compensation.  In the notice, VA indicated the reason as follows: "Your other nervous condition is a constitutional or developmental condition, and not a disability under the law."  J.A. 25.  Two months later, in November 1970, and following a September 30, 1970 medical examination, the regional office issued another rating decision labeled "Reconsideration of original claim received 5-22-70" that granted non-service-connected pension benefits for "[s]chizophrenic reaction, paranoid type."  J.A. 26–27.

In June 2005, Mr. Morris filed a claim for compensation based on service-connected post-traumatic stress disorder.  Later that year, the regional office granted the claim and assigned a disability rating of 30%.  Eventually, and in stages, after appeals to the Board and to the Veterans

Court, Mr. Morris ended up with a rating of total disability effective June 8, 2005.

Although the benefits from those times going forward are not in dispute, Mr. Morris has for many years been seeking a still earlier effective date for service-connected-disability compensation—all the way back, in fact, to May 22, 1970, when he filed his original claim for compensation due to a nervous condition. In August 2007, he sought a September 1970 effective date by asserting (in a filing with the regional office) that VA medical records from September 1970 "constituted an informal claim to reopen the VA's August 1970 rating decision which denied Mr. Morris compensation for a nervous disorder" that had never been adjudicated by VA and thus remained pending. J.A. 56. In November 2008, Mr. Morris asserted (in another filing with the regional office) that the May 1970 claim itself remained pending, because the September 1970 notice did not comply with 38 C.F.R. § 3.103 (1970), which, he said, "required that the VA provide specific information to claimants." J.A. 76. According to Mr. Morris, the September 1970 notice was inadequate under the regulation because it "did not explain the reason the VA denied Mr. Morris's May 1970 claim except to indicate that his post service disability was a non-compensable condition." *Id.* The regional office, the Board, and ultimately the Veterans Court each rejected that argument, and Mr. Morris did not appeal the Veterans Court's decision to this court. *See* Morris Opening Br. 5.

In July 2014, Mr. Morris made another effort to secure a 1970 effective date, requesting revision of the November 1970 rating decision of the regional office on the grounds of clear and unmistakable error. *See* 38 U.S.C. § 5109A; *see also George v. McDonough*, 142 S. Ct. 1953, 1958 (2022) (discussing "clear and unmistakable error" provisions). On its face, that decision simply states that VA was granting Mr. Morris entitlement to the non-service-connected-disability pension. J.A. 26–27. But Mr. Morris asserted that, in the decision, VA had "implicitly denied" the original

claim for disability compensation based on a service-connected nervous disorder. J.A. 191. The clear and unmistakable error, he asserted, was that VA had misapplied 38 C.F.R. § 3.303(b), which relates to determination of service connection for chronic diseases. J.A. 192–93. The regional office, and then the Board, rejected his argument, finding no clear and unmistakable error. *See* J.A. 224–25; J.A. 246–52.

Mr. Morris appealed to the Veterans Court. There, he made only an argument that he had not presented to the Board. He argued that, under the Fifth Amendment's Due Process Clause, the September 1970 notice letter was "constitutionally inadequate because it failed to clearly and explicitly inform him of VA's decision to deny him service-connected compensation for a compensable nervous condition." *See Morris*, 2021 WL 748615, at *4 (quoting Mr. Morris's brief). He acknowledged that he was not challenging the Board's decision denying the request for revision of the November 1970 rating decision. But he argued that the court had to address his constitutional challenge to the September 1970 notice in the first instance because he could not have presented the challenge to the regional office (*i.e.*, the VA Secretary) or the Board and because the Veterans Court was required under 38 U.S.C. § 7261(a)(1) to decide, when presented, all relevant questions of law. Appellant's Br. at 13–14, *Morris v. McDonough*, No. 19-3376 (Vet. App. Jan. 30, 2020).

The Veterans Court dismissed the appeal. It observed that it had the discretion to decide on a case-by-case basis whether to address a newly presented argument or to decline to do so "on the ground that the veteran did not exhaust his or her administrative remedies before appealing to the [Veterans] Court." *Morris*, 2021 WL 748615, at *5.[1]

---

[1] We understand the Veterans Court's reference to exhaustion of administrative remedies in this case to be a

Weighing the interests of Mr. Morris against the institutional interests served by the doctrine of issue exhaustion, the Veterans Court concluded that issue exhaustion should apply and thus declined to hear Mr. Morris's constitutional argument. *Id.* at \*5–6.

Mr. Morris timely appeals. We have jurisdiction under 38 U.S.C. § 7292(a) to address Mr. Morris's only contention, which presents a legal issue we resolve de novo—namely, whether the Veterans Court is required by statute to decide all constitutional issues presented to it, regardless of whether they were first presented to the Board.

II

We answer that question in the negative. We conclude that the Veterans Court correctly determined that it had discretion, under this court's issue-exhaustion precedents, to decline to hear Mr. Morris's argument presented for the first time on appeal to that court.

In *Maggitt v. West*, 202 F.3d 1370 (Fed. Cir. 2000), we explained that "[w]hile the Veterans Court may hear legal arguments raised for the first time with regard to a claim that is properly before the court, it is not compelled to do so in every instance." *Id.* at 1377. Rather, it should determine "whether the interests of the individual weigh heavily against the institutional interests" in "protect[ing] agency administrative authority" and "promot[ing] judicial efficiency." *Id.* Those institutional interests apply to constitutional arguments as well as to statutory ones, and we have approved application of the issue-exhaustion doctrine

reference to issue exhaustion. *See generally Carr v. Saul*, 141 S. Ct. 1352, 1358 n.2 (2021) (discussing distinction between remedy exhaustion and issue exhaustion). We, like the Veterans Court, have not always been precise in making the distinction. *See, e.g., Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000).

to constitutional arguments. *See*, *e.g.*, *Ledford v. West*, 136 F.3d 776, 780 (Fed. Cir. 1998) (requiring claimant to present both constitutional and statutory challenges to the Board before presenting them to the Veterans Court); *Maggitt*, 202 F.3d at 1378–79 (remanding to the Veterans Court to make a case-specific determination whether to invoke the issue-exhaustion requirement against constitutional and statutory arguments).

Mr. Morris argues that 38 U.S.C. § 7261(a)(3)(B) is to the contrary, requiring the Veterans Court to decide every constitutional issue presented to it. That conclusion would contradict our precedents discussed above. And the statute does not support it.

Section 7261, titled "Scope of review," provides, in pertinent part:

> (a)  In any action brought under this chapter, the Court of Appeals for Veterans Claims, to the extent necessary and when presented, shall— . . . (3) hold unlawful and set aside decisions . . . adopted by . . . the Board of Veterans' Appeals . . . found to be— . . . (B) contrary to constitutional right . . . .

38 U.S.C. § 7261.  That command tells the Veterans Court what judgments to issue—it shall "hold unlawful and set aside decisions" of the Board—*if* it finds the decisions to be "contrary to constitutional right." *Id.*  It does not tell the Veterans Court when it is obligated to make such a finding; specifically, it does not tell that court that it always must address an argument of constitutional right, even one not presented to the Board or addressed in the Board's decision.

The absence of a command to go beyond matters presented to or decided by the Board is reinforced by other language of the subsection. The provision directs the Veterans Court, "to the extent necessary to its decision and when presented," to, among other things, "decide all relevant

questions of law." 38 U.S.C. § 7261(a)(1). But Mr. Morris does not rely on that broad language at all, thus implicitly recognizing that § 7261(a) is not to be read as overriding all traditional rules governing the raising of new issues on appeal. The "to the extent necessary to its decision" language suggests otherwise: Addressing a constitutional issue never presented to or decided by the Board is hardly "necessary" to the Veterans Court's exercise of its "exclusive jurisdiction to review decisions of the Board." 38 U.S.C. §§ 7261(a), 7252(a). Indeed, we have specifically pointed to § 7252(a) as supporting an exhaustion requirement. *See Ledford*, 136 F.3d at 779–80; *Scott v. McDonald*, 789 F.3d 1375, 1379 (Fed. Cir. 2015) (citing *Ledford*, "we have held that the statute, 38 U.S.C. § 7252(a), requires issue exhaustion before the Board in appropriate circumstances").

Moreover, the text of § 7261(a)(3) specifically undermines Mr. Morris's argument. That text hardly calls out constitutional issues for distinctive treatment. It charges the Veterans Court, to the extent necessary to its decision and when presented, to

> hold unlawful and set aside decisions . . . found to be—
>
> > (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> >
> > (B) contrary to constitutional right, power, privilege, or immunity;
> >
> > (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
> >
> > (D) without observance of procedure required by law . . . .

38 U.S.C. § 7261(a)(3). Given the parallel treatment of these several potential Board errors, Mr. Morris's reading

of the language of § 7261(a)(3)(B) would apply equally to all the non-constitutional errors listed in § 7261(a)(3)(A), (C), and (D), essentially (if not completely) eliminating the ability of the Veterans Court to require exhaustion of issues before the Board, as Mr. Morris's counsel acknowledged at oral argument, Oral Arg. at 8:30–9:25. Mr. Morris has supplied no sound basis for such a result, which is contrary to our precedents recognizing that issue exhaustion is available to the Veterans Court.

Mr. Morris seeks support for his position in this court's decision in *In re Bailey*, 182 F.3d 860 (Fed. Cir. 1999), but we do not find such support. In *Bailey*, we did not address 38 U.S.C. § 7261 or the Veterans Court's ability to rely on exhaustion. Rather, we analyzed 38 U.S.C. § 7292, which governs our jurisdiction to review Veterans Court decisions. And we concluded that the language of § 7292 gave us jurisdiction to review "free-standing" constitutional questions that did not stem from the validity or interpretation of a statute or regulation. *Bailey*, 182 F.3d at 867. That case has no applicability here, in a case involving a different statute, a different reviewing body, and the doctrine of issue exhaustion.

Mr. Morris also relies on the Supreme Court's decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021), but we do not agree that *Carr* governs here. The Supreme Court held in *Carr* that persons claiming Social Security disability benefits could assert in district court the unconstitutionality (under the Appointments Clause) of the appointment of their assigned administrative law judges (ALJs) even though the claimants did not present that challenge to the ALJs themselves. *Id.* at 1356. The Supreme Court stressed that it was holding only that "a *judicially* created issue-exhaustion requirement" was inapplicable, because the government conceded that exhaustion in the setting at issue there had no statutory or regulatory foundation. *Id.* at 1358 (emphasis added). As noted above, we have found the

availability of exhaustion in the setting now before us to be rooted in the statute.

But even aside from that distinction, we conclude that *Carr*'s holding does not support the categorical rule Mr. Morris advances. That is so even though one similarity in context exists: The Supreme Court relied on the non-adversarial nature of ALJ proceedings at issue there as one factor against exhaustion, *id.* at 1358–60, and the Board proceedings at issue here are also non-adversarial, *see Andrews v. Nicholson*, 421 F.3d 1278, 1283–84 (Fed. Cir. 2005) (noting that such proceedings were non-adversarial yet nonetheless permitting a limited issue-exhaustion requirement). The Supreme Court in *Carr* did not state its holding in terms applicable to all constitutional issues in appeals from all non-adversarial proceedings. Rather, the Court gave decisive weight to two considerations: that the particular constitutional issue, *i.e.*, the Appointments Clause issue, was a "structural" one, falling outside the usual subject matter of the agency adjudicators' decision-making; and that it was futile to challenge the validity of the ALJs before those same ALJs. *Id.* at 1360–62. Here, the constitutional issue is not a "structural" one, but, rather, a due process issue specific to Mr. Morris's case—a characteristic that the Supreme Court recognized could cause the exhaustion analysis to come out the other way. *See id.* at 1360 n.5 ("Outside the context of Appointments Clause challenges, such as in the sphere of routine objections to individual benefits determinations, the scales might tip differently."). And it is a type of issue familiar to the Board, which routinely deals with questions of notice. *See, e.g.*, *Edwards v. Shinseki*, 582 F.3d 1351, 1353 (Fed. Cir. 2009); *MacPherson v. Shinseki*, 525 F. App'x 934, 936 (Fed. Cir. 2013) (non-precedential). Additionally, the Board, had it heard the due process argument, could have found the notice constitutionally inadequate and awarded an earlier effective date, *see* 38 U.S.C. § 7104(a) ("Decisions of the Board shall be based . . . upon consideration of all . . .

applicable provisions of law and regulation."), so it would not have been futile to bring the argument first to the Board. For these reasons, we decline to read *Carr* as upending our well-established precedents and eliminating the exhaustion requirement before the Board.

The Veterans Court here considered the institutional interests and weighed them against Mr. Morris's interest. *Morris*, 2021 WL 748615, at *5–6. As the Secretary observes, Sec'y Br. 22, Mr. Morris does not challenge that analysis here, *see* Morris Reply Br. 14 ("[T]he question of law presented by Mr. Morris's appeal . . . does not ask this Court to review the Veterans Court's application of the doctrine of issue exhaustion."). Mr. Morris argues only that the Veterans Court was *required* to address the constitutional issue before it. Because we reject that argument, there is nothing further for us to decide.

## III

For the foregoing reasons, we affirm the dismissal of the appeal by the Veterans Court.

The parties shall bear their own costs.

### AFFIRMED